**GEORGETOWN UNIVERSITY EM-
PLOYEES FEDERAL CREDIT
UNION, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 85–1103.

District of Columbia Court of Appeals.

Argued Oct. 28, 1986.
Decided Nov. 19, 1986 *.

Carmen C. Hyland, with whom Gerald W. Hyland, Alexandria, Va., was on brief, for appellant.

Richard G. Amato, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, James R. Murphy, Deputy Corp. Counsel, Richard L. Aguglia and Katherine V. Kelley, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and NEBEKER and BELSON, Associate Judges.

NEBEKER, Associate Judge:

Appellant is a federal credit union chartered since 1964 under the provisions of the Federal Credit Union Act, 12 U.S.C. §§ 1751 *et seq.* (1982 & Supp. III 1985). Appellant seeks review of a decision by the Tax Division of the Superior Court which allows the District of Columbia to tax the personal property of all federal credit unions beginning with the 1982 tax year. We affirm.

■ The District of Columbia's authority to tax personal property is granted by statute. D.C.Code §§ 47–1501 *et seq.* (1981 & Supp.1986). Exemptions from the personal property tax are specifically set forth at *id.* § 47–1508. There is no language in that particular statute which can be construed as exempting federally chartered credit unions from taxation. For this reason, we conclude that appellant is a taxable entity in the District of Columbia under the broad power set forth in *id.* §§ 47–1501 *et seq.*

■ Once it is determined that federal credit unions are not exempt from the District of Columbia personal property tax, it is necessary to ascertain whether the tax liability will violate the federal statutes governing credit unions. Section 122 of the Federal Credit Union Act, 12 U.S.C. § 1768 (1982), provides that tangible personal property of federal credit unions shall be subject to "local taxation to the same extent as other similar property is taxed." The statutory language prohibits taxation of federal credit unions so long as

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is being published pursuant to this court's order granting the motion for publication.

the property of other similar financial institutions is not being taxed.

In 1981, pursuant to D.C.Code § 47–2510 (1986 Supp.), the District of Columbia began taxing the personal property of financial institutions as defined in *id.* § 47–1801.4(25) (1981 & Supp.1986). Federal credit unions are not included in that statutory definition and, therefore, are not within the scope of § 47–2510. However, because other similar financial institutions are now subject to personal property tax, federal credit unions are liable, as stated above, for personal property tax pursuant to the authority granted by D.C.Code §§ 47–1501 *et seq.* Once the District of Columbia began to tax financial institutions which are similar to federal credit unions, it was no longer prevented from imposing tax liability on the federal credit unions under the general provisions for taxation of personal property.

Finally, appellant contends that *Washington Telephone Federal Credit Union v. District of Columbia,* Tax Docket No. 1234 (1951), removes federal credit unions from liability for personal property taxes. We hold that the *Washington Telephone* decision is inapplicable to this case as there is no issue of discriminatory tax treatment, nor is there any longer a dual system of credit unions comprised of federally chartered and locally organized institutions with the latter being statutorily exempt from personal property taxation.

Accordingly, we affirm the order granting summary judgment to the District of Columbia.

*So ordered.*